ACCEPTED
04-15-0487-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
8/7/2015 5:41:27 PM
KEITH HOTTLE
CLERK

CAUSE NO. 7,637

| | | |
|---|---|---|
| LEON OSCAR RAMIREZ, JR., Individually, ROSALINDA RAMIREZ ECKHARDT, Individually, And JESUS M. DOMINGUEZ, As Guardian For MINERVA CLEMENTINA RAMIREZ, An Incapacitated Person, | § § § § § § § § | IN THE DISTRICT COURT |
| Plaintiffs, | § § § | |
| v. | § § | 49TH JUDICIAL DISTRICT |
| CONOCOPHILIPS COMPANY, EOG RESOURCES, INC., EL MILAGRO MIENRALS, LTD., And RODOLFO C. RAMIREZ, Individually And As The Independent Executor Of The Estate Of ILEANA RAMIREZ, Deceased, | § § § § § § § § | |
| Defendants. | § | ZAPATA COUNTY, TEXAS |

DORA MTZ CASTAÑON
DISTRICT CLERK

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
08/7/2015 5:41:27 PM
KEITH E. HOTTLE
Clerk

## DEFENDANTS RODOLFO C. RAMIREZ, INDIVIDUALLY AND AS THE INDEPENDENT ADMINISTRATOR OF THE ESTATE OF ILEANA RAMIREZ, AND EL MILAGRO MINERALS, LTD'S NOTICE OF APPEAL

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME Defendants RODOLFO C. RAMIREZ, Individually And As The Independent Administrator Of THE ESTATE OF ILEANA RAMIREZ, And EL MILAGRO MINERALS, LTD.'s Notice Of Appeal ("Ramirez Defendants") and file this Notice of Appeal and in support hereof would show the Court as follows:

1.

Pursuant to Texas Rule of Appellate Procedure 25.1(d), the Ramirez Defendants provide the following information:

1. ***Trial Court and style:*** Cause No. 7,637; *Leon Oscar Ramirez, Jr., Individually, Rosalinda Ramirez Eckhardt, Individually, And Jesus M. Dominguez, As Guardian For Minerva Clementina Ramirez, An Incapacitated Person v. ConocoPhilips Company, EOG Resources, Inc., El Milagro Minerals, Ltd., And Rodolfo C. Ramirez, Individually*

*And As The Independent Executor Of The Estate Of Ileana Ramirez, Deceased*; In The 49th Judicial District Court, Zapata County, Texas

2.  **Date of Judgment:**  Final Judgment dated May 11, 2015, a copy of which is attached as Exhibit "A."

3.  **Court to which appeal is taken:**  Court of Appeals for the Fourth District of Texas, San Antonio Division.

4.  **Name of each party filing the Notice:**  Rodolfo C. Ramirez, Individually And As The Independent Administrator Of The Estate Of Ileana Ramirez, And El Milagro Minerals, Ltd.

2.

This Notice Of Appeal and the appeal encompass the Final Judgment as well as all orders and rulings adverse to the Ramirez Defendants that were or are merged into the Final Judgment.

Respectfully submitted,

**KAZEN, MEURER & PEREZ, LLP**
JOHN A. KAZEN
State Bar No. 11132100
*jkazen@kmp-law.com*
J. FRANCISCO TAMEZ
State Bar No. 24033257
*ftamez@kmp-law.com*
211 Calle Del Norte, Suite 100
Laredo, Texas 78041-6237
(956) 712-1600
(956) 712-1628 (Facsmile)

**CASTILLO SNYDER, PC**
Bank of America Plaza, Suite 1020
300 Convent Street
San Antonio, Texas 78205
(210) 630-4200
(210) 630-4210 (Facsimile)

Jesse R. Castillo
State Bar No. 03986600
*jcastillo@casnlaw.com*

*ATTORNEYS FOR DEFENDANTS THE ESTATE OF ILEANA RAMIREZ, By And Through Its Independent Executor, RODOLFO C. RAMIREZ, RODOLFO C. RAMIREZ, And EL MILAGRO MINERALS, LTD.*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above and foregoing documents was sent by electronic mail to the following:

Alberto Alarcon　　　　　　　　　　　　　　*EMAIL: aalarcon@sbcglobal.net*
HALL, QUINTANILLA & ALARCON, LC
1302 Washington
P.O. Box
Laredo, Texas 78042-0207

Michael V. Powell　　　　　　　　　　　　　*EMAIL: mpowell@lockelord.com*
Amanda L. Burcham　　　　　　　　　　　　*EMAIL: acottrell@lockelord.com*
LOCKE LORDE, LLP
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201-6776

Kevin F. Mickits　　　　　　　　　　　　　*EMAIL: kfm@umhlaw.com*
John C. Heymann
UPTON, MICKITS & HEYMANN, LLP
City View
10999 IH 10 West, Suite 240
San Antonio, Texas 78230

Bruce Wertak　　　　　　　　　　　　　　*EMAIL: bruce@sameswerstak.com*
SAMES & WERSTAK, LLP
721 McPherson Road, Suite 360
Laredo, Texas 78041

on the 9th day of June, 2015.

Jesse R. Castillo

CAUSE NO. 7,637

LEON OSCAR RAMIREZ, JR.,          §    IN THE DISTRICT COURT OF
Individually, and JESUS M.        §
DOMINGUEZ, AS GUARDIAN            §
FOR MINERVA CLEMENTINA           §
RAMIREZ, an incapacitated person, §
Individually                      §
                                  §
*Plaintiffs,*                     §
                                  §
v.                                §    ZAPATA COUNTY, TEXAS
                                  §
CONOCOPHILLIPS COMPANY,           §
EOG RESOURCES, INC., EL           §
MILAGRO MINERALS, LTD.,           §
AND RODOLFO C. RAMIREZ,           §
Individually and as Independent   §
Executor of THE ESTATE OF         §
ILEANA RAMIREZ, DECEASED,         §
*Defendants.*                     §    49TH JUDICIAL DISTRICT

## FINAL JUDGMENT

On the 24th day of January 2012 the Court held a hearing on *Minerva Clementina Ramirez' Amended Motion for Partial Summary Judgment* (filed on December 14, 2011) and on *Leon Oscar Ramirez Jr.'s Amended Motion for Partial Summary Judgment* (filed on December 27, 2011). The Court considered those motions, the responses thereto, special exceptions and objections, filed before the summary judgment hearing of January 24, 2012. The Court overruled all special exceptions and objections and the Court hereby orders that the special exceptions and objections are overruled. The Court granted the above mentioned amended motions for partial summary judgment ordering and decreeing, and the Court hereby orders and decrees, that Leon Oscar

1



EXHIBIT

A

Ramirez, Jr. is the fee simple owner of 1/12 of the minerals and Minerva Clementina Ramirez is the fee simple owner of 1/12 of the minerals underneath the 1058 acres of land situated in Zapata County, Texas and known as Las Piedras Ranch located on Porciones 21 and 22, and more particularly described on the attached Exhibits "A" and "B" which are made part hereof an incorporated herein by reference. Those lands are also described in: 1) Stipulation of Interest Ownership of the Mineral Estate, dated July 6, 1997, and recorded as instrument no. 108972 in Volume 576, Pages 685-686 of the Real Property Records of Zapata County, Texas; 2) Oil and Gas Lease dated July 1, 1993, between Palmyra Minerals, Ltd, et al. as ("Lessors") and Enron Oil & Gas Company ("Lessee"), Memorandum (Amended) of which is recorded as instruments no. 99910 and 99909, in Volume 509, Pages 638-642, and Volume 509, Pages 633-637, respectively, in the Real Property Records of Zapata County, Texas; 3) Oil & Gas Lease dated July 1, 1993, between Palmyra Minerals, Ltd, et al. ("Lessors") and Enron Oil & Gas Company ("Lessee"), Memorandum (Amended) of which is recorded as instrument no. 99911, in Volume 509, Pages 643-647, in the Real Property Records of Zapata County, Texas; and, 4) Oil & Gas Lease dated October 24, 1997, between Palmyra Minerals, Ltd, et al. ("Lessors") and Conoco, Inc. ("Lessee"), Memorandum of which is recorded as instrument no. 113451, in Volume 596, Pages 535-538, in the Real Property Records of Zapata County, Texas. In granting the above mentioned amended motions for summary judgment the Court also ordered and decreed, and hereby orders and decrees, that the oil and gas leases above mentioned are not binding

2

and are ineffective against the above mentioned mineral interests of Minerva Clementina Ramirez and Leon Oscar Ramirez, Jr. In granting the above mentioned amended motions for summary judgment the Court also ordered and decreed, and hereby orders and decrees, that to the extent the oil and gas leases and the stipulation of interest above mentioned constitute a cloud on the title to said mineral interests of Minerva Clementina Ramirez and Leon Oscar Ramirez, Jr. such cloud is hereby ordered removed.

The Court also held a hearing on *Plaintiffs' Motion for Partial Summary Judgment (On Cotenancy Accounting, Made, Adopted and Admitted by ConocoPhillips)* (filed on May 27, 2014). On December 2, 2014, after considering special exceptions, objections and response to that motion, the Court granted the motion and hereby orders that the motion is granted.

Regarding the cotenancy accounting, the Court also held a hearing on ConocoPhillips Company's motion for partial summary judgment on the subject of alleged bad faith cotenancy, the subject of which was part of *ConocoPhillips Company's Motion for Partial Summary Judgment on Will Construction, Estoppel, Ratification and Alleged Bad Faith Cotenancy* (filed on June 9, 2014). Regarding the cotenancy accounting, the Court also held a hearing on Rodolfo C. Ramirez', in his various capacities, and El Milagro Minerals, Ltd.'s motion for partial summary judgment on the alleged bad faith cotenancy, the subject of which was part of *Rodolfo C. Ramirez, Individually and as the Independent Executor of the Estate of Ileana Ramirez, and El Milagro Minerals, Ltd.'s Motion for Partial Summary Judgment on Will Construction, Estoppel, Ratification, and Alleged Bad Faith*

3

*Cotenancy* (filed on September 5, 2014), although Plaintiffs were not demanding an accounting from Rodolfo Ramirez in any of his various capacities, El Milagro Minerals, Ltd. or the Estate of Ileana Ramirez, as cotenants. On December 2, 2014, after considering all special exceptions, objections and responses to said motions, the Court granted both motions for partial summary judgment but only to the extent of the subject of bad faith cotenancy. It is, therefore, ordered that ConocoPhillips Company is entitled to deduct production and marketing costs.

The Court finds that the cotenancy accounting provided by ConocoPhillips Company was only up to the end of October 2012 and was not supplemented as agreed by ConocoPhillips Company. Therefore, the Court orders, adjudges and decrees that Minerva Clementina Ramirez have and recover of and from ConocoPhillips Company the sum of Three Million Seven Hundred Sixty Four Thousand Four Hundred Eighty Nine and 00/100 Dollars ($3,764,489.00) as the amount due Minerva Clementina Ramirez as of the end of October 2012, together with prejudgment interest of $951,546.00, which was computed from November 27, 2006 until March 20, 2015, plus a per diem of $283.63 from March 20, 2015 until the date of this judgment. It is further ordered that Minerva Clementina Ramirez have and recover of and from ConocoPhillips Company attorneys' fees in the amount of $ _1,125,000_, for the attorneys' fees incurred by her as a result of the work of her lawyers in this Court, the work of her attorneys in original proceedings in

4

the Court of Appeals and the Supreme Court and the work of her attorneys in interlocutory appeal in the Court of Appeals.

It is further adjudged and decreed that ConocoPhillips, its successors and assigns are ordered to provide a cotenancy accounting, and corresponding payments to Minerva Clementina Ramirez after November 1, 2012, for the total production from the lands described in Exhibits A and B.   It is further ordered that the accounting hereby ordered shall be made on the basis of the value of the minerals produced, plus interest provided by law, less cost of production and marketing of the minerals. It is further ordered that the accuracy and correctness of said accounting after November 1, 2012 are not the subject of adjudication in this case and are not adjudicated in this case and this judgment shall not constitute a bar under any theories of res judicata, collateral estoppel or other legal theories to a future adjudication of the accuracy or correctness of the accounting of production from the subject lands.

The Court finds that the cotenancy accounting provided by ConocoPhillips Company was only up to the end of October 2012. Therefore the Court orders, adjudges and decrees that Leon Oscar Ramirez, Jr. have and recover of and from ConocoPhillips Company the sum of Three Million Seven Hundred Sixty Four Thousand Four Hundred Eighty Nine and 00/100 ($3,764,489.00) as the amount due Leon Oscar Ramirez, Jr. as of the end of October 2012, together with prejudgment interest of $951,546.00, which was computed from November 27, 2006 until March 20, 2015, plus a per diem of $283.63 from March 20, 2015 until the date of this judgment.

5

It is further ordered that Leon Oscar Ramirez, Jr. have and recover of and from ConocoPhillips Company attorneys' fees in the amount of $ _/,/25, 030_ , for the attorneys' fees incurred by him as a result of the work of his lawyers in this Court, the work of his attorneys in original proceedings in the Court of Appeals and the Supreme Court and the work of his attorneys in interlocutory appeal in the Court of Appeals.

It is further adjudged and decreed that ConocoPhillips, its successors and assigns are ordered to provide a cotenancy accounting, and corresponding payments to Leon Oscar Ramirez, Jr. after November 1, 2012, for the total production from the lands described in the attached Exhibits A and B. It is further ordered that the accounting hereby ordered shall be made on the basis of the value of the minerals produced, plus interest provided by law, less cost of production and marketing of the minerals. It is further ordered that the accuracy and correctness of said accounting after November 1, 2012 are not the subject of adjudication in this case and are not adjudicated in this case and this judgment shall not constitute a bar under any theories of res judicata, collateral estoppel or other legal theories to a future adjudication of the accuracy or correctness of the accounting of production from the subject lands.

This judgment disposes of Minerva Clementina Ramirez' and Leon Oscar Ramirez, Jr.'s claims for trespass-to-try title claims and accounting, under equitable principles, the common law and the Texas Natural Resources Code §§ 91.401 thru

6

91.408, with the exception of the correctness and accuracy of future accountings after November 1, 2012.

The Court finds that all claims, disputes and differences between Plaintiffs Leon Oscar Ramirez, Jr., Rosalinda Ramirez Eckhardt, and Minerva Clementina Ramirez, by and through her Legal Guardian, Jesus M. Dominguez, and EOG Resources, Inc. have been fully compromised and settled and the Court has entered orders disposing of those claims.

The rest of the claims, counterclaims, third-party claims, cross-claims, or third-party counterclaims, as asserted in the pleadings, including claims regarding the correctness and accuracy of future accountings after November 1, 2012, are hereby severed from the claims disposed by this judgment into a separate and distinct case. The Clerk of the Court is ordered to assign a separate case number to the severed action. Therefore, this judgment disposes of all claims and parties remaining after severance, nonsuit or settlement, and, it is intended to be and it is a final and appealable judgment.

All costs of court incurred expended or incurred in this cause by Leon Oscar Ramirez, Jr. and Minerva Clementina Ramirez are adjudged against ConocoPhillips Company. It is further ordered that all amounts due under this judgment shall earn post judgment interest at the rate provided in Tex. Finance Code §304.003 (c).

7

All writs and processes for the enforcement and collection of this judgment or the costs of court shall issue.

Signed on this ___11___ day of ___May___, 2015, in Zapata, Texas.

THE HON. JOSE A. LOPEZ, JUDGE
OF THE 49TH DISTRICT COURT OF
ZAPATA COUNTY, TEXAS

8

